IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS

Case No. 4:24-CV-274

AUGUST IMAGE, LLC,

    Plaintiff,

v.

FORWARD TIMES PUBLISHING CO.

    Defendant.

## COMPLAINT

Plaintiff August Image, LLC ("Plaintiff") sues defendant Forward Times Publishing Co. ("Defendant"), and alleges as follows:

## THE PARTIES

1.    Plaintiff is a limited liability company organized and existing under the laws of the State of New York with its principal place of business located in New York, NY.

2.    Defendant is a corporation organized and existing under the laws of the State of Texas with its principal place of business located at 4411 Almeda Rd, Houston, TX 77004. Defendant's agent for service of process is Karen Carter Richards, 2846 Dragonwick Dr., Houston, TX 77045.

## JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4.    This Court has personal jurisdiction over Defendant because it has maintained sufficient minimum contacts with Texas such that the exercise of personal jurisdiction over it

would not offend traditional notices of fair play and substantial justice.

5. Venue properly lies in this district pursuant to 28 U.S.C. § 1400(a) because Defendant or its agents reside or may be found in this district. "It is well established that, for purposes of Section 1400(a), a defendant 'may be found' in any district in which it is subject to personal jurisdiction." Isbell v. DM Records, Inc., No. 3:02-CV-1408-G, 2004 U.S. Dist. LEXIS 10394, at *41 (N.D. Tex. June 4, 2004) ("Because the court has determined that it has personal jurisdiction over DM, DM 'may be found' in this district and venue is therefore proper.").

## FACTS

### I. Plaintiff's Business

6. From its offices in New York City and London, Plaintiff represents (all around the world) over 100 of some of the most creative and innovative contemporary photographers working today.

7. Plaintiff boasts a wide collection of portrait, lifestyle, beauty and fashion photography for editorial and commercial licensing. Some of Plaintiff's image collection and a list of the photographers it represents is available on its website (at https://www.augustimage.com/).

8. Plaintiff sets itself apart from others because it is knowledgeable about its exclusive images and strives to provide a high level of customer satisfaction. In order to make its rights managed collection available to its clients, Plaintiff has spent years to secure the relationships, information and team to efficiently acquire the releases as necessary.

### II. The Work at Issue in this Lawsuit

9. Micaiah Carter, Joe Pugliese, and Arielle Bobb Willis are some of the many renowned photographers represented by Plaintiff (see https://www.augustimage.com/Photographers).

10. Mr. Carter has been featured in publications such as The New York Times, Vogue, and GQ and has photographed celebrities such as Rhianna, Beyonce, and Jay-Z. His work has also been featured in campaigns for brands like Nike, Adidas, Apple Music, and Beats by Dre. His work has been exhibited at galleries around the world including The Museum of Modern Art (MoMA) in New York City and The Photographers' Gallery in London. His work can be viewed on his professional website (at https://micaiahcarter.com/).

11. Mr. Pugliese is a native of California and plied his craft across multiple photographic platforms before settling on his true love, which is photographing people. He has had the privilege to meet and photograph scientists, authors, performers of every type, creative geniuses, and everyday people who have something fascinating to say. He lives in Los Angeles and travels extensively.

12. Mr. Pugliese has made a name for himself as a fashion and beauty photographer, shooting for clients such as: Wired, The Hollywood Reporter, Vanity Fair, BBDO, Amazon Studios, Hulu, NBC Universal, GQ Magazine, Men's Journal, Netflix, Fox Studios, Fortune, Billboard, ESPN The Magazine, TBWA CHIAT DAY, Apple Inc., Harpo Productions, Town & Country, Esquire, Turner Broadcasting, Outside Magazine, The New Yorker, Ogilvy & Mather, PayPal, Bloomberg, Warner Brothers, Sony Television. His work can be viewed on his professional website (at https://joepug.com/).

13. Ms. Bobb-Willis' photography is a mix of fashion and contemporary art. A majority of her work specializes in portraits of contorted figures in brightly colored garments. In 2018, Bobb-Willis was named by Was one of "The 10 Young Photographers to Follow". Her work can be viewed on her professional website (at https://ariellebobbwillis.com/).

A. *The First Photograph and Second Photograph*

14. In 2020, Mr. Carter took two professional photographs of celebrity Issa Rae titled "AU2199623" (the "First Photograph") and AU2199615" (the "Second Photograph"). A copy of the First Photograph is displayed below:



15. A copy of the Second Photograph is displayed below:



**B.      The Third Photograph**

16.     In 2020, Mr. Carter took a professional photograph of celebrity Tracee Ellis Ross titled "AU2173988" (the "Third Photograph").  A copy of the Third Photograph is displayed below:



17. The First Photograph, Second Photograph and Third Photograph were registered by Mr. Carter on March 15, 2021, and were assigned Registration No. VA 2-243-595. A true and correct copy of the Certificate of Registration pertaining to the First Photograph, Second Photograph and Third Photograph is attached hereto as **Exhibit "A."**

18. Mr. Carter is the owner of the First Photograph, Second Photograph, and Third Photograph and has remained the owner at all times material hereto.

C. **The Fourth Photograph**

19. In 2020, Ms. Bobb-Willis took a professional photograph of celebrity Megan Thee Stallion titled "AU2235159" (the "Fourth Photograph"). A copy of the Fourth Photograph is

displayed below:



20. The Fourth Photograph was registered by Ms. Bobb-Willis with the Register of Copyrights on July 27, 2023 and was assigned Registration No. VA 2-359-589. A true and correct copy of the Certificate of Registration pertaining to the Fourth Photograph is attached hereto as **Exhibit "B."**

21. Ms. Bobb-Willis is the owner of the Fourth Photograph and has remained the owner at all times material hereto.

D. *The Fifth Photograph*

22. In 2012, Mr. Pugliese took a professional photograph of celebrity Oprah Winfrey titled "AU1303840" (the "<u>Fifth Photograph</u>").  A copy of the Fifth Photograph is displayed below:



23. The Fifth Photograph was registered by Mr. Pugliese with the Register of Copyrights on June 10, 2014 and was assigned Registration No. VA 1-174-879. A true and correct copy of the Certificate of Registration pertaining to the Fifth Photograph is attached hereto as **<u>Exhibit "C."</u>**

24. Mr. Pugliese is the owner of the Fifth Photograph and has remained the owner at all times material hereto.

25. The First Photograph, Second Photograph, Third Photograph, Fourth Photograph,

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

and Fifth Photograph are collectively referred to herein as the "Work."

26.  For all times relevant to this action, Plaintiff has been appointed as the exclusive administrator and publisher of all copyright rights in and to the Work.  As such, Plaintiff is entitled to institute and maintain this action for copyright infringement.  See 17 U.S.C. § 501(b).

**II.    Defendant's Unlawful Activities**

27.  Defendant is a Houston based newspaper covering local and national news.

28.  Defendant advertises/markets its business through its website (https://forwardtimes.com/houston-forward-times/) and social media (e.g., https://www.facebook.com/forwardtimesonline/ and https://www.instagram.com/forwardtimes/).

29.  On October 7, 2020 (prior to the above-referenced copyright registration of the First Photograph and Second Photograph), Defendant displayed and/or published the First Photograph and Second Photograph on its website, webpage, and/or social media (at https://forwardtimes.com/hooray-for-issa-rae-hoorae-production-company-launched/ ):





30. On January 19, 2022 (after the above-referenced copyright registration of the Third Photograph), Defendant displayed and/or published the Third Photograph on its website, webpage, and/or social media (at https://forwardtimes.com/this-week-in-fashion-tracee-ellis-ross/):



31. On December 22, 2021 (prior to the above-referenced copyright registration of the Fourth Photograph), Defendant displayed and/or published the Fourth Photograph on its website,

webpage, and/or social media (at https://forwardtimes.com/megan-thee-stallion-secures-first-look-deal-with-netflix/):



32. On December 21, 2016 (after the above-referenced copyright registration of the Fifth Photograph), Defendant displayed and/or published the Fifth Photograph on its website, webpage, and/or social media (at https://forwardtimes.com/jenn-whites-wbez-making-oprah-podcast-must-listen/):



33. A true and correct copy of screenshots of Defendant's website, webpage, and/or social media, displaying the copyrighted Work, is attached hereto as **Exhibit "D."**

34. Defendant is not and has never been licensed to use or display the Work. Defendant never contacted Plaintiff to seek permission to use the Work in connection with its website, webpage, social media, or for any other purpose.

35. Defendant utilized the Work for commercial use.

36. Upon information and belief, Defendant located a copy of the Work on the internet and, rather than contact Plaintiff to secure a license, simply copied the Work for its own commercial use.

37. Through its ongoing diligent efforts to identify unauthorized use of its photographs, Plaintiff first discovered Defendant's unauthorized use/display of the Work in January 2022. Following Plaintiff's discovery, Plaintiff notified Defendant in writing of such unauthorized use. To date, Plaintiff has been unable to negotiate a reasonable license for the past infringement of its Work.

38. All conditions precedent to this action have been performed or have been waived.

## COUNT I – COPYRIGHT INFRINGEMENT
### (Third Photograph and Fifth Photograph)

39. Plaintiff re-alleges and incorporates paragraphs 1 through 38 as set forth above.

40. The Third Photograph and Fifth Photograph are each an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

41. Mr. Carter owns a valid copyright in the Third Photograph, having registered it with the Register of Copyrights.

42. Mr. Pugliese owns a valid copyright in the Fifth Photograph, having registered it with the Register of Copyrights.

43. Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the Third Photograph and Fifth Photograph).

44. As a result of Plaintiff's reproduction, distribution, and public display of the Third Photograph and Fifth Photograph, Defendant had access to the Third Photograph and Fifth Photograph prior to its own reproduction, distribution, and public display of the Third Photograph and Fifth Photograph on its website, webpage, and or social media.

45. Defendant reproduced, distributed, and publicly displayed the Third Photograph and Fifth Photograph without authorization from Plaintiff.

46. By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501. Defendant's infringement was either direct, vicarious, and/or contributory.

47. Defendant's infringement was willful as it acted with actual knowledge or reckless

disregard for whether its conduct infringed upon Plaintiff's copyright. Notably, Defendant itself utilizes a copyright disclaimer on its website ("©2022 - Forward Times Publishing Co. All Rights Reserved."), indicating that Defendant understands the importance of copyright protection and intellectual property rights and is actually representing that it owns each of the photographs published on its website. See, e.g., Bell v. ROI Prop. Grp. Mgmt., LLC, No. 1:18-cv-00043-TWP-DLP, 2018 U.S. Dist. LEXIS 127717, at *3 (S.D. Ind. July 31, 2018) ("[T]he willfulness of ROI's infringement is evidenced by the fact that at the bottom of the webpage on which the Indianapolis photograph was unlawfully published appeared the following: 'Copyright © 2017.'  By placing a copyright mark at the bottom of its webpage that contained Mr. Bell's copyrighted Indianapolis Photograph, Mr. Bell asserts ROI willfully infringed his copyright by claiming that it owned the copyright to everything on the webpage."); John Perez Graphics & Design, LLC v. Green Tree Inv. Grp., Inc., Civil Action No. 3:12-cv-4194-M, 2013 U.S. Dist. LEXIS 61928, at *12-13 (N.D. Tex. May 1, 2013) ("Once on Defendant's website, Defendant asserted ownership of Plaintiff's Registered Work by including a copyright notice at the bottom of the page. Based on these allegations, the Court finds Plaintiff has sufficiently pled a willful violation…."). Defendant clearly understands that professional photography such as the Work is generally paid for and cannot simply be copied from the internet.

48. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

49. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the Third Photograph and Fifth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the Third Photograph and Fifth Photograph, which

amounts shall be proven at trial.

50. Alternatively, and at Plaintiff's election, Plaintiff is entitled to statutory damages pursuant to 17 U.S.C. § 504(c), in such amount as deemed proper by the Court.

51. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs and attorneys' fees as a result of Defendant's conduct.

52. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the Third Photograph and Fifth Photograph;

b. A declaration that such infringement is willful;

c. An award of actual damages and disgorgement of profits as the Court deems proper or, at Plaintiff's election, an award of statutory damages for willful infringement up to $150,000.00 for each photograph comprising the Third Photograph and Fifth Photograph;

d. Awarding Plaintiff its costs and reasonable attorneys' fees pursuant to 17 U.S.C. § 505;

e. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

f. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works derived or copied from the Third Photograph and Fifth Photograph or to participate or assist

in any such activity; and

g.  For such other relief as the Court deems just and proper.

## COUNT II – COPYRIGHT INFRINGEMENT
### (First Photograph, Second Photograph, and Fourth Photograph)

53.  Plaintiff re-alleges and incorporates paragraphs 1 through 38 as set forth above.

54.  The First Photograph, Second Photograph, and Fourth Photograph are each an original work of authorship, embodying copyrightable subject matter, that is subject to the full protection of the United States copyright laws (17 U.S.C. § 101 *et seq.*).

55.  Mr. Carter owns a valid copyright in the First Photograph and Second Photograph, having registered them with the Register of Copyrights.

56.  Ms. Bobb-Willis owns a valid copyright in the Fourth Photograph, having registered it with the Register of Copyrights.

57.  Plaintiff has standing to bring this lawsuit and assert the claim(s) herein as it has sufficient rights, title, and interest to such copyright (as Plaintiff serves as the exclusive licensing agent with respect to the First Photograph, Second Photograph, and Fourth Photograph).

58.  As a result of Plaintiff's reproduction, distribution, and public display of the First Photograph, Second Photograph, and Fourth Photograph, Defendant had access to the First Photograph, Second Photograph, and Fourth Photograph prior to its own reproduction, distribution, and public display of the Work on its website, webpage, and or social media.

59.  Defendant reproduced, distributed, and publicly displayed the First Photograph, Second Photograph, and Fourth Photograph without authorization from Plaintiff.

60.  By its actions, Defendant infringed and violated Plaintiff's exclusive rights in violation of the Copyright Act, 17 U.S.C. § 501.  Defendant's infringement was either direct, vicarious, and/or contributory.

61. Plaintiff has been damaged as a direct and proximate result of Defendant's infringement.

62. Plaintiff is entitled to recover its actual damages resulting from Defendant's unauthorized use of the First Photograph, Second Photograph, and Fourth Photograph and, at Plaintiff's election (pursuant to 17 U.S.C. § 504(b), Plaintiff is entitled to recover damages based on a disgorgement of Defendant's profits from infringement of the First Photograph, Second Photograph, and Fourth Photograph, which amounts shall be proven at trial.

63. Pursuant to 17 U.S.C. § 505, Plaintiff is further entitled to recover its costs as a result of Defendant's conduct.

64. Defendant's conduct has caused, and any continued infringing conduct will continue to cause, irreparable injury to Plaintiff unless enjoined by the Court. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff is entitled to a permanent injunction prohibiting infringement of Plaintiff's exclusive rights under copyright law.

**WHEREFORE**, Plaintiff demands judgment against Defendant as follows:

a. A declaration that Defendant has infringed Plaintiff's copyrights in the First Photograph, Second Photograph, and Fourth Photograph;

b. An award of actual damages and disgorgement of profits as the Court deems proper;

c. Awarding Plaintiff its costs;

d. Awarding Plaintiff interest, including prejudgment interest, on the foregoing amounts;

e. Permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all those in active concert and participation with Defendant, from directly or indirectly infringing Plaintiff's copyrights or continuing to display, transfer, advertise, reproduce, or otherwise market any works

derived or copied from the First Photograph, Second Photograph, and Fourth Photograph or to participate or assist in any such activity; and

f. For such other relief as the Court deems just and proper.

## **Demand For Jury Trial**

Plaintiff demands a trial by jury on all issues so triable.

Dated: January 24, 2024.

COPYCAT LEGAL PLLC
3111 N. University Drive
Suite 301
Coral Springs, FL 33065
Telephone: (877) 437-6228
dan@copycatlegal.com


By: /s/ Daniel DeSouza_____
    Daniel DeSouza, Esq.